Jonathan D. Selbin
Annika K. Martin
Anne B. Shaver (Colorado Bar No. 39933)
Rachel E. Green
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592
E-mail: jselbin@lchb.com
          akmartin@lchb.com
          ashaver@lchb.com
          rgreen@lchb.com

Tyler H. Fox
TYLER FOX, ESQ.
689 Massachusetts Ave.
Cambridge, MA 02139
Telephone:  (866) 296-1965
E-mail: tylerfox@verizon.net

Pamela Maass (Colorado Bar No. 42408)
MAASS LAW
26 W. Dry Creek Cir., Suite 600
Littleton, CO 80120
Telephone:  (720) 899-3541
E-mail: pam@lifelegacyfirm.com

*Attorneys for Plaintiffs and the Putative Class*

**Civil Action No. 1:19-cv-03544**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Lena Ramsay and Jane Doe, individually and on behalf of all others similarly situated,**

      Plaintiffs,

   v.

**FRONTIER, INC.,**

      Defendant.

---

## <u>CLASS ACTION COMPLAINT</u>

## DEMAND FOR JURY TRIAL

---

# TABLE OF CONTENTS

**Page**

NATURE OF THE ACTION ................................................................................ 1

JURISDICTION AND VENUE ........................................................................... 2

PARTIES ............................................................................................................. 3

    A.    Plaintiff Lena Ramsey.............................................................................. 3

    B.    Plaintiff Jane Doe.................................................................................... 4

    Defendant Frontier ...................................................................................... 4

FACTUAL ALLEGATIONS ............................................................................... 5

    A.    The Prevalence of In-Flight Passenger-on-Passenger Sexual Assault is Well-Known........................................................................................... 5

    B.    Frontier Has A Duty to Protect And Aid Its Passengers....................... 8

    C.    Frontier Breached Its Duty to Its Passengers By Failing to Have or Enforce Adequate Policies and Procedures To Prevent and Properly Respond to In-Flight Sexual Assaults.................................................... 9

    D.    As a Result of Frontier's Failure to Have or Enforce Adequate Policies and Procedures, Its Passengers Are Put At Risk and Harmed. ........... 10

CLASS ACTION ALLEGATIONS .................................................................. 10

FIRST CLAIM FOR RELIEF NEGLIGENCE ................................................ 13

SECOND CLAIM FOR RELIEF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ............................................................................ 15

THIRD CLAIM FOR RELIEF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ............................................................................ 16

FOURTH CLAIM FOR RELIEF WILLFUL AND WANTON CONDUCT .................................................................................................. 16

FIFTH CLAIM FOR RELIEF INJUNCTIVE AND EQUITABLE RELIEF ...................................................................................................... 17

PRAYER FOR RELIEF .................................................................................... 19

DEMAND FOR JURY TRIAL ......................................................................... 21

Plaintiffs Lena Ramsay and Jane Doe ("Plaintiffs"), on behalf of themselves and all others similarly situated, file this class action against Frontier, Inc. ("Frontier"), and allege as follows:

## NATURE OF THE ACTION

1.      This is a class action against Frontier for failure to have and/or follow policies and procedures to prevent, report, and respond to sexual assault of its passengers on its flights.

2.      The prevalence of passenger-on-passenger in-flight sexual assault is a well-known, and growing, problem. In fact, in 2018, the FBI issued a warning – to airlines and the public at large – that the number of sexual assaults reported during commercial airline flights has been increasing "at an alarming rate."[1]

3.      Frontier, like all airlines, has an affirmative duty to aid and protect its passengers. This duty includes protecting passengers from sexual assaults by fellow passengers, and responding properly to in-flight sexual assaults that do occur.

4.      Frontier violated this duty by failing to implement and enforce appropriate policies and procedures to prevent, or properly respond to, sexual assaults that occur on its flights; failing to report in-flight sexual assaults to the proper authorities, or to any authorities; and failing to cooperate with authorities in the reporting and investigation process into in-flight sexual assaults.

---

[1] Javier De Diego et al., *FBI: Sexual Assaults on Flights Increasing 'At An Alarming Rate'*, CNN POLITICS (June 20, 2018, 9:19 PM ET), https://www.cnn.com/2018/06/20/politics/fbi-airplane-sexual-assault/index.html.

5.      As a result of these violations by Frontier, Plaintiffs were sexually assaulted by their fellow passengers while they were on Frontier flights, and are at an ongoing risk for future sexual assaults.

6.      Frontier's failure to implement and enforce polices to prevent and properly respond to in-flight sexual assault led Frontier employees and representatives to fail to properly respond to those assaults; fail to report the assaults to the any authorities; and fail to cooperate with authorities investigating those assaults.

7.      Frontier's actions and inactions were – and are – part of a pattern of behavior and a common course of conduct towards all its passengers, including Plaintiffs and Class members.

8.      Plaintiffs seek appropriate relief, including but not limited to compensatory damages and injunctive relief, on behalf of all others similarly situated who were unnecessarily put at risk and harmed by Frontier's common course of misconduct.

## JURISDICTION AND VENUE

9.      The Court has subject matter jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because: (a) Plaintiffs seek to represent a nationwide class of thousands of Frontier Airlines passengers, (b) the amount in controversy exceeds $5,000,000, excluding interest and costs, (c) the proposed class consists of more than 100 individuals, and (d) none of the exceptions under the subsection applies to this section.

10.     The claims asserted involve matters of national and interstate interest.

11.     Members of the proposed class are dispersed among a substantial number of states.

12.     This Court has personal jurisdiction over Defendant. Frontier's headquarters are located in this District, Frontier conducts substantial business here, and Frontier has intentionally availed itself of the laws and markets of this District. Upon information and belief, a significant portion of the acts and omissions complained of, including corporate policy-making and the direction, implementation, and enforcement of any policy acts and omissions, occurred within this District.

13.     Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the actions or omissions giving rise to the claims occurred in this District.

## PARTIES

### A.     Plaintiff Lena Ramsey

14.     Plaintiff Lena Ramsay is a resident of Denver, Colorado, and a citizen of the United States.

15.     Plaintiff Lena Ramsay was sexually assaulted by a male passenger on a Frontier flight from Denver to Providence on or about October 20, 2018.

16.     She immediately reported the incident to a flight attendant.

17.     The flight attendant refused to let her switch seats to move away from her assailant.

18.     The flight attendant did not report the incident to anyone else.

19.     The flight attendant did not ask that law enforcement be contacted to meet the plane upon landing.

20.     Frontier failed to cooperate and assist Plaintiff Lena Ramsay with evidence concerning her assault, including refusing to provide her (or the FBI) with the identities of her assailant and potential witnesses.

**B.      Plaintiff Jane Doe**

21.     Given the sensitive nature of the claims, Plaintiff Jane Doe is using a pseudonym in this litigation to protect her privacy. Plaintiff Jane Doe seeks permission in a related motion to proceed under this pseudonym.

22.     Plaintiff Jane Doe is a resident of Denver, Colorado, and a citizen of the United States.

23.     Plaintiff Jane Doe was sexually assaulted by a male passenger on a Frontier flight from Denver to Florida on or about November 30, 2018.

24.     Plaintiff Jane Doe reported her assault to a flight attendant.

25.     The flight attendant did not report the incident to anyone else.

26.     The flight attendant did not ask that law enforcement be contacted to meet the plane upon landing.

27.     Frontier failed to cooperate and assist Plaintiff Jane Doe with evidence concerning her assault, including refusing to provide her with the identities of her assailant and potential witnesses.

**Defendant Frontier**

28.     Defendant Frontier is an airline carrier headquartered and with its principal place of business in Denver, Colorado; and doing business in Denver, Colorado.

4

## FACTUAL ALLEGATIONS

**A.**     **The Prevalence of In-Flight Passenger-on-Passenger Sexual Assault is Well-Known.**

29.     In June 2018, the FBI issued a statement that the number of sexual assaults reported during commercial airline flights is increasing "at an alarming rate," and the number of actual cases could be much higher than those reported.[2]

30.     Crimes aboard aircraft fall within the FBI's jurisdiction, and the agency said its investigations into in-flight sexual assaults increased by 66% from fiscal year 2014 to 2017.[3]

31.     The International Air Transport Association reported 812 incidents during 2018 that were categorized as inappropriate behavior such as touching, sexual harassment, physical aggression, or indecent acts.[4]

32.     In a 2017 Association of Flight Attendants survey, 20% of flight attendants reported receiving a passenger report of in-flight sexual assault.[5]

33.     Airline passenger organization FlyersRights.org released 20 detailed passenger complaints of in-flight sexual assaults, made to the U.S. Department of Transportation and obtained via FOIA requests; these reports, too, provide a sense of the scope and frequency of in-flight sexual assault.[6]

---

[2] Javier De Diego et al., *FBI: Sexual Assaults on Flights Increasing 'At An Alarming Rate'*, CNN POLITICS (June 20, 2018, 9:19 PM ET), https://www.cnn.com/2018/06/20/politics/fbi-airplane-sexual-assault/index.html.

[3] *Sexual Assault Aboard Aircraft: Raising Awareness About a Serious Federal Crime*, FBI NEWS (Apr. 26, 2018), https://www.fbi.gov/news/stories/raising-awareness-about-sexual-assault-aboard-aircraft-042618.

[4] INTERNATIONAL AIR TRANSPORT ASSOCIATION, SAFETY REPORT 2018, p. 111-112, https://libraryonline.erau.edu/online-full-text/iata-safety-reports/IATA-Safety-Report-2018.pdf.

[5] *#MeToo in the Air*, ASSOCIATION OF FLIGHT ATTENDANTS-CWA, https://www.afacwa.org/metoo#a1.

[6] https://flyersrights.org/wp-content/uploads/2018/11/DOT-Sexual-Assault-Records.pdf.

34.    News media has been reporting on the prevalence of in-flight sexual assaults for years.[7]

35.    The FBI itself noted the similarity of these crimes: "…agents describe elements of these crimes as being strikingly similar. The attacks generally occur on long-haul flights when the cabin is dark. The victims are usually in middle or window seats, sleeping, and covered with a blanket or jacket. They report waking up to their seatmate's hands inside their clothing or underwear."[8]

36.    The FBI also noted what *should* happen in response to a passenger reporting an incident to a member of the flight crew:  "Flight attendants and captains represent authority on the plane…they can alert law enforcement, and they can sometimes deal with the problem in the air. The flight crew can also put the offender on notice, which might prevent further problems. If alerted in advance [by the pilot radioing ahead to the airport], FBI agents can be on hand when

---

[7] *See, e.g.*, Andrew Appelbaum, *Recent In-Flight Sexual Abuse Complaints to Feds Released by Airline Passenger Group…Nothing Done?*, FLYERSRIGHTS.ORG (Nov. 29, 2018), https://flyersrights.org/press-release/recent-in-flight-sexual-abuse-complaints-to-feds-released-by-airline-passenger-group/; Nora Caplan-Bricker, *Flight Risk*, SLATE (Aug. 31, 2016), https://slate.com/human-interest/2016/08/flight-risk.html; *Delta Passenger Sues Airline, Claims Crew Didn't Detain Passenger Who Sexually Assaulted Her on Flight*, FOX NEWS (Sept. 28, 2018), https://www.foxnews.com/travel/delta-passenger-sues-airline-claims-crew-didnt-detain-passenger-who-sexually-assaulted-her-on-flight; Allison Dvaladze, *Airline Industry Treats Sexual Assaults in the Skies Like an Inconvenience, Not a Crime*, USA TODAY (Apr. 1, 2019, 6:00 AM ET), https://www.usatoday.com/story/opinion/voices/2019/04/01/sexual-assault-airline-flight-elaine-chao-trump-boeing-column/3312204002/; Christopher Mele, *Sexual Assault on Flights: Experts Recommend Ways to Stay Safe and Combat It*, N.Y. TIMES (Mar. 23, 2019), https://www.nytimes.com/2019/03/23/travel/airline-flights-sexual-assault.html; David Oliver, *Passenger Indicted for Alleged Mid-Flight Sexual Assault of 19-Year-Old Woman*, USA TODAY (May 21, 2019, 9:54 AM ET), https://www.usatoday.com/story/travel/flights/2019/05/21/united-airlines-passenger-alleges-sexual-assault/3751023002/.
[8] FBI, *Sexual Assault Aboard Aircraft: Raising Awareness About a Serious Federal Crime*, FBI NEWS (Apr. 26, 2018), https://www.fbi.gov/news/stories/raising-awareness-about-sexual-assault-aboard-aircraft-042618.

the plane lands to conduct interviews and take subjects into custody. FBI victim specialists can respond as well, because victims of federal crimes are entitled by law to a variety of services."[9]

37.     The media has reported about airlines in general failing to adequately respond to in-flight sexual assault, reporting that frequently: victims might be forced to stay in their assigned seat next to their assailant for the duration of the flight; no reprimand or action is taken against the assailant; law enforcement is not notified from the air so they are not there when the plane lands;  the assailant is allowed to de-plane without being questioned, detained, or even identified; the victim has to wait at the gate – sometimes for hours – for the gate agents to call TSA, who usually calls the local police (not the FBI); the local police sometimes won't even take a report because in-flight assaults are not within their jurisdiction; the airline simply tells the victim to call customer service with her "complaint;" no identities (of assailant or potential witnesses) are shared with the victim or recorded; no evidence is preserved; and the victim is left to contact the FBI herself, with no evidence or identities to support her report of the crime she has suffered.[10]

38.     Eighty-six percent of flight attendants surveyed said they were uncertain of, or had no knowledge of, any policies, procedures, or even guidance from their airlines for handling sexual assault reports.[11]

---

[9] *Id.*

[10] *What Happens After You're Sexually Assaulted on a Plane? Not Much*, SPLINTER (Oct. 31, 2016, 1:29 PM), https://splinternews.com/what-happens-after-youre-sexually-assaulted-on-a-plane-1793863317. The 2017 Association of Flight Attendants survey found that law enforcement (not necessarily the FBI) was contacted or met the plane less than half the time. *#MeToo in the Air*, ASSOCIATION OF FLIGHT ATTENDANTS-CWA, https://www.afacwa.org/metoo#a1.

[11] *#MeToo in the Air*, ASSOCIATION OF FLIGHT ATTENDANTS-CWA, https://www.afacwa.org/metoo#a1.

39.     Frontier knew – or should have known – of this growing prevalence of in-flight sexual assaults because it is widely available and known public knowledge.

**B.      Frontier Has A Duty to Protect And Aid Its Passengers.**

40.     As a common carrier, Frontier has a special duty under common law to provide due care to ensure and protect and aid in the protection of passengers' safety.

41.     Passengers entrust and have entrusted Frontier with this duty of care to ensure and protect and aid in the protection of their safety while they are passengers on a Frontier flight.

42.     Frontier's special duty to provide due care to ensure and protect and aid in the protection of passengers' safety includes a duty to take reasonable steps to prevent and deter in-flight sexual assault on its flights, and to properly respond to such assaults that do occur, particularly in light of Frontier's knowledge of the growing prevalence of in-flight sexual assault.

43.     While passengers are on a plane, they have little control over their surroundings: they are in cramped quarters; they cannot leave the plane until it lands; and they cannot engage in activities such as making phone calls or easily communicating with friends, family, or police authorities in the case of an emergency.

44.     Frontier has control over passengers' surroundings and, indeed, their activities during the time they are onboard the plane.

45.     Frontier can – and does – exercise control over passengers who exhibit violent or disruptive behavior, reserving the right in its contract of carriage to refuse transportation to

individuals who are intoxicated, unruly, interfering with a member of the flight crew, disobeying

flight crew instructions, and/or wearing an unpermitted deadly or dangerous weapon.[12]

46.     Frontier can – and has a duty to – implement and enforce policies and procedures

to prevent and deter in-flight sexual assaults and to properly respond to those that do occur, just

as it does with other forms of passenger violence and disruption.

### C.   Frontier Breached Its Duty to Its Passengers By Failing to Have or Enforce Adequate Policies and Procedures To Prevent and Properly Respond to In-Flight Sexual Assaults.

47.     Upon information and belief, Frontier does not have and/or enforce adequate

policies and procedures to prevent sexual assaults on its flights and to properly respond to

incidents that do happen.[13]

48.     By contrast, Frontier does have policies and procedures that it follows for

handling passengers who are violent or disruptive in a number of other enumerated ways.[14]

49.     Frontier's failure to have and/or enforce adequate policies and procedures for the

prevention of and response to in-flight sexual assaults is a breach of its affirmative duty to

protect and care for its passengers.

---

[12] FRONTIER AIRLINES CONTRACT OF CARRIAGE, p. 3-5 (effective date Oct. 25, 2019),
https://www.flyfrontier.com/legal/contract-of-carriage?mobile=true.

[13] Prior to filing suit, Plaintiffs attempted to learn from Frontier whether it had any policies or procedures for the prevention of or response to in-flight sexual assaults. On November 7, 2019, Plaintiffs sent a demand letter to Frontier and its counsel requesting that information and seeking to discuss resolution of Plaintiffs' class claims. See Ex. A. Neither Frontier nor its counsel provided any substantive response to Plaintiffs' letter, despite Plaintiffs allowing them over five weeks to do so.

[14] In its contract of carriage, Frontier reserves the right to refuse transportation to individuals who are, for example: intoxicated, unruly, interfering with a member of the flight crew, disobeying flight crew instructions, and/or wearing an unpermitted deadly or dangerous weapon. FRONTIER AIRLINES CONTRACT OF CARRIAGE, p. 3-5 (effective date Oct. 25, 2019),
https://www.flyfrontier.com/legal/contract-of-carriage?mobile=true.

**D.**     <u>**As a Result of Frontier's Failure to Have or Enforce Adequate Policies and Procedures, Its Passengers Are Put At Risk and Harmed.**</u>

50.     Frontier's lack of and/or failure to enforce adequate policies and procedures for the prevention of and response to in-flight sexual assault puts all its passengers at risk of harm, and causes harm to those sexually assaulted by their fellow passengers.

51.     Moreover, Frontier's lack of and/or failure to enforce adequate policies and procedures for the proper response to in-flight sexual assaults that do occur exacerbates and amplifies the trauma of the actual assault due to institutional betrayal.

52.     The term "Institutional Betrayal" refers to wrongdoings perpetrated by an institution upon individuals dependent on that institution, including failure to prevent or respond supportively to wrongdoings by individuals (e.g. sexual assault) committed within the context of the institution.[15]

## CLASS ACTION ALLEGATIONS

53.     Pursuant to the Federal Rules of Civil Procedure 23(b)(2), 23(b)(3), and 23(c)(4), Plaintiffs bring this action on behalf of themselves and the following class of others who are similarly situated:

> <u>Nationwide Class:</u> All passengers who flew on Frontier flights between December 16 2017 and the present.

54.     Excluded from the class are Defendant, its affiliates and subsidiaries; counsel for Defendant, their immediate family members, and employees of their firms; and judicial officers assigned to this case and their staffs and immediate family members.

---

[15] Jennifer J. Freyd, *Institutional Betrayal and Institutional Courage*, https://dynamic.uoregon.edu/jjf/institutionalbetrayal/. *See also* Carly Parnitzke Smith & Jennifer J. Freyd, *Institutional Betrayal*, 69 AM. PSYCH. ASSOC. 575 (2014).

55.     Plaintiffs reserve the right to amend or modify the above class definition with greater specificity or division into subclasses after having had an opportunity to conduct discovery.

56.     The Class consists of hundreds, if not thousands, of passengers, making joinder impracticable, in satisfaction of Fed. R. Civ. P. 23(a)(1). The exact size of the Class and the identities of individual members are ascertainable through records maintained by Frontier.

57.     <u>Numerosity</u>: The members of the class are so numerous that their individual joinder is impracticable. Upon information and belief, there are hundreds if not thousands of class members, whose names and addresses are readily available from Defendant's records.

58.     <u>Commonality</u>: There are questions of law and fact common to the class, which predominate over any questions affecting individual members of the class, as detailed in paragraph 60 below.

59.     <u>Typicality</u>: Plaintiffs' claims are typical of the other Class members' claims because Plaintiffs and Class members were subjected to the same wrongful conduct in the same manner.

60.     <u>Existence and Predominance of Common Questions of Fact and Law</u>: This action involves common questions of law and fact that predominate over any questions affecting individual class members, including, without limitation:

(a)     Whether Defendant owed a duty to Plaintiffs and Class members to protect and aid in the protection of their safety while traveling on Frontier flights;

(b)     Whether Defendant breached its duties to Plaintiffs and Class members;

11

(c)      Whether Defendant knew or reasonably should have known of the prevalence of and foreseeability of passenger-on-passenger in-flight sexual assault on its flights;

(d)      Whether Defendant lacked and/or failed to enforce adequate policies or procedures to prevent/deter in-flight sexual assaults;

(e)      Whether Defendant lacked and/or failed to enforce adequate policies or procedures to respond to in-flight sexual assaults that do occur;

(f)      Whether Defendant lacked and/or failed to enforce any policies to prevent/deter in-flight sexual assaults;

(g)      Whether Defendant lacked and/or failed to enforce adequate policies to respond to in-flight sexual assaults that do occur;

(h)      Whether Defendant is liable for negligence;

(i)      Whether Defendant is liable for willful and wanton conduct;

(j)      Whether Defendant is liable for negligent infliction of emotional distress;

(k)      Whether Defendant is liable for intentional infliction of emotional distress; and

(l)      Whether Plaintiffs and Class members suffered harm as a result of Defendant's violations and, if so, the appropriate measure of damages.

61.      Adequacy of Representation: Plaintiffs are adequate class representatives. Their interests do not conflict with the interests of the other Class members they seek to represent. Plaintiffs have retained counsel competent and experienced in complex class action litigation, and they intend to prosecute this action vigorously. Plaintiffs and their counsel will fairly and adequately pursue and protect the interests of the class.

62.    Superiority: A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The highly sensitive and private nature of the facts involved here counsels toward providing a class vehicle to adjudicate these claims. The damages or other financial detriment suffered by Plaintiffs and the other class members are relatively small compared to the burden and expense that would be required to individually litigate these claims. As a result, it would be impracticable for class members to seek redress individually. Individualized litigation would also create a potential for inconsistent or contradictory judgments and increase the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

63.    Particular Issues: The claims of Plaintiffs and Class members involve common issues that may be adjudicated on a class-wide basis pursuant to Rule 23(c)(4).

## FIRST CLAIM FOR RELIEF
### NEGLIGENCE

64.    Plaintiffs restate and incorporate herein by reference the preceding paragraphs as if fully set forth herein.

65.    Frontier, as a common carrier, has a special duty to provide due care to ensure and protect and aid in the protection of passengers' safety. This duty includes one to take reasonable steps prevent and deter in-flight sexual assault on its flights, and to properly respond to such assaults that do occur, particularly in light of Frontier's knowledge of the growing prevalence of in-flight sexual assault.

66.    Frontier had special duties to protect the Plaintiffs and Class members, when such individuals were passengers entrusted to Frontier's care. Plaintiffs and Class members' safety

and well-being were entrusted to Frontier during their flights. Frontier voluntarily accepted the entrusted care of Plaintiffs and Class members. As such, Frontier owed Plaintiffs and Class members a special duty of care that common carriers dealing with passengers owe to protect them from harm, and to aid them in preventing and responding to harm. The duty to protect and warn arose from the common carrier doctrine that applies to airline carriers.

67.     Upon information and belief, Frontier knew or should have known of the prevalence of in-flight passenger-on-passenger sexual assault and of the likelihood of risk and harm to its passengers absent implementation and enforcement of appropriate policies.

68.     Frontier breached its duty of care to Plaintiffs and Class members by failing to implement and enforce uniform policies and procedures for the prevention, deterrence, and response to in-flight sexual assaults on its flights; by failing to report in-flight sexual assaults to the proper authorities, or to any authorities; and by failing to cooperate with authorities in the reporting and investigation process into in-flight sexual assaults.

69.     As a direct, proximate, and foreseeable result of the above-described misconduct, Plaintiffs and Class members were – and still are being – put at unnecessary risk of harm and in many cases suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including depression, anxiety, humiliation, loss of enjoyment of life, and fear of flying and travel; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; may sustain loss of earnings and earning capacity; and may incur expenses for medical and psychological treatment, therapy, and counseling.

**SECOND CLAIM FOR RELIEF**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

70.     Plaintiffs restate and incorporate herein by reference the preceding paragraphs as if fully set forth herein, and to the extent necessary, plead this claim for relief in the alternative.

71.     Frontier's conduct negligently caused emotional distress to Plaintiffs and Class members.

72.     Frontier knew or reasonably should have known that a passenger who experienced in-flight sexual assault and was treated poorly or inadequately in the aftermath would experience emotional distress.

73.     Frontier could reasonably foresee that its actions and omissions would have caused emotional distress to Plaintiffs and the Class members.

74.     Plaintiffs and the Class members were in a specific zone of danger as passengers on Frontier flights, unable to escape from their assailant, or report a crime to the authorities on their own.

75.     As a result of Frontier's conduct, Plaintiffs and Class members sustained severe emotional distress, physical manifestations of emotional distress, emotional anguish, fear, anxiety, humiliation, depression, and other physical and emotional injuries, and damages (both economic and noneconomic), in the past, present, and future, for which this claim is made. The injuries suffered by Plaintiffs and Class members are substantial, continuing, and permanent.

76.     Frontier's conduct caused suffering for Plaintiffs and the Class members at levels that no reasonable person should have to endure.

15

### THIRD CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

77.     Plaintiffs restate and incorporate herein by reference the preceding paragraphs as if fully set forth herein, and to the extent necessary, plead this claim for relief in the alternative.

78.     Frontier's extreme and outrageous conduct intentionally or recklessly caused severe emotional distress to Plaintiffs and the Class members.

79.     Frontier acted with intent or recklessness, knowing that passengers were likely to endure emotional distress given their relative lack of power or control over their situation or ability to report a crime while passengers on Frontier flights, and given Frontier's failure to report or adequately respond to Plaintiffs' suffering a sexual assault while in-flight.

80.     As a result of Frontier's conduct, Plaintiffs and Class members sustained severe emotional distress, physical manifestations of emotional distress, emotional anguish, fear, anxiety, humiliation, depression, and other physical and emotional injuries, and damages (both economic and noneconomic), in the past, present, and future, for which this claim is made. The injuries suffered by Plaintiffs and Class members are substantial, continuing, and permanent.

81.     Frontier's conduct caused suffering for Plaintiffs and the Class members at levels that no reasonable person should have to endure.

### FOURTH CLAIM FOR RELIEF
### WILLFUL AND WANTON CONDUCT

82.     Plaintiffs restate and incorporate herein by reference the preceding paragraphs as if fully set forth herein.

83.     Frontier owed Plaintiffs and Class members a duty to use due care to ensure their safety and freedom from sexual assault while passengers on Frontier flights.

84.     Frontier owed Plaintiffs and Class members a duty to use due care to respond appropriately and properly to incidents of sexual assault that occurred in-flight.

85.     Frontier's conduct demonstrated a willful disregard for precautions to ensure Plaintiffs and Class members' safety and to respond to incidents that harmed or threatened Plaintiffs and Class members' safety.

86.     Frontier breached duties owed to Plaintiffs and Class members in a manner demonstrating Frontier must have realized as dangerous, and did so heedlessly and recklessly, without regard to consequences, or to the rights and safety of others, especially Plaintiffs and Class members.

87.     As a result of Frontier's conduct, Plaintiffs and Class members sustained severe emotional distress, physical manifestations of emotional distress, emotional anguish, fear, anxiety, humiliation, depression, and other physical and emotional injuries, and damages (both economic and noneconomic), in the past, present, and future, for which this claim is made. The injuries suffered by Plaintiffs and Class members are substantial, continuing, and permanent.

## FIFTH CLAIM FOR RELIEF
### INJUNCTIVE AND EQUITABLE RELIEF

88.     All allegations and paragraphs in this complaint are incorporated by reference.

89.     An actual, justiciable controversy exists between Plaintiffs and Class Members and Frontier. A judgment from this Court regarding these issues would afford relief from uncertainty and insecurity with respects to rights, status, and other legal relations of the parties.

90.     Frontier is required under Colorado law to protect and aid its passengers. This includes a duty:

        (a)     to protect passengers from sexual assaults by fellow passengers, and

(b)      to respond properly to in-flight sexual assaults that do occur.

91.      Frontier has breached its duty to Plaintiffs and Class Members by failing:

(a)      to implement and enforce appropriate policies and procedures to prevent, or properly respond to, in-flight sexual assaults;

(b)      to report in-flight sexual assaults to the proper authorities, or to any authorities; and

(c)      to cooperate with authorities in the reporting and investigation process into in-flight sexual assaults.

92.      Plaintiffs and Class Members have an adverse legal interest to Frontier. This adverse interest and the controversy that exists between the parties can be resolved through the specific relief sought.

93.      Wherefore, Plaintiffs, on behalf of themselves and the Class, requests that the Court issue an Order:

(a)      requiring Frontier to establish and implement a uniform policy, including training and education for its employees and crew members, for how to identify in-flight sexual assault;

(b)      requiring Frontier to establish and implement a policies and procedures for the prevention and deterrence of in-flight sexual assault, including passenger education and messaging, clear communication of consequences, more frequent cabin walk-throughs, and passenger cabin monitoring by closed-circuit TV, among others;

(c)     requiring Frontier to establish and implement a uniform policy, including training and education for its staff, for how to respond to in-flight sexual assault that includes humane and trauma-informed treatment of the alleged victim(s);

(d)     requiring Frontier to centrally track all reports of in-flight sexual assault;

(e)     requiring Frontier to establish a uniform policy, including training and education for its staff, for how to report in-flight sexual assault to the FBI, and making reporting of in-flight sexual assault to the FBI mandatory;

(f)     requiring Frontier to set a lifetime ban on passengers who commit sexual assault on Frontier flights;

(g)     requiring Frontier to cooperate with the FBI and any other law enforcement in the ongoing and future investigations into in-flight sexual assault on Frontier flights; and

(h)     such other relief as may be determined best-practice after consultation with experts in the prevention and response to sexual assault.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class defined above, respectfully requests that the Court:

A.     Certify this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, appoint Plaintiffs as class representatives, and appoint the undersigned counsel as class counsel;

B.     Award Plaintiffs and Class members compensatory, general, and/or consequential damages in an amount to be determined at trial;

C.      Award pre-judgment interest as permitted by law;

D.      Enter appropriate equitable relief as described in the Fifth Claim above;

E.      Award reasonable attorneys' fees and costs, as provided for by law; and

F.      Grant such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

Dated:  December 16, 2019                    Respectfully submitted,

By: _____
                        Annika K. Martin

Jonathan D. Selbin
Annika K. Martin
Anne B. Shaver (Colorado Bar No. 39933)
Rachel E. Green
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone:  (212) 355-9500
Facsimile:   (212) 355-9592
E-mail: jselbin@lchb.com
            akmartin@lchb.com
            ashaver@lchb.com
            rgreen@lchb.com

Pamela Maass (Colorado Bar No. 42408)
MAASS LAW
26 W. Dry Creek Cir., Suite 600
Littleton, CO 80120
Telephone:  (720) 899-3541
E-mail: pam@lifelegacyfirm.com

Tyler H. Fox
TYLER FOX, ESQ.
689 Massachusetts Ave.
Cambridge, MA 02139
Telephone:   (866) 296-1965
E-mail: tylerfox@verizon.net

*Attorneys for Plaintiffs and the Putative Class*