IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  19-cv-03544-CMA-NRN

LENA RAMSAY and
JANE DOE,
individually, and on behalf of all other similarly situated,,

Plaintiffs,

v.

FRONTIER, INC.,

Defendant.

ORDER GRANTING
MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

On December 16, 2019, Plaintiffs Lena Ramsay and Jane Doe filed a class

action complaint against Defendant Frontier, Inc. for "failure to have and/or follow

policies and procedures to prevent, report and respond to sexual assault of its

passengers on its flights." Dkt. #1 at ¶1. Also on December 16, 2019, Plaintiff Doe filed

a Motion for Leave to Proceed Anonymously. Dkt. #2. Judge Christine M. Arguello

referred the subject motion to this Court on February 19, 2020. Dkt. #29.

The Federal Rules of Civil Procedure mandate that "[e]very action shall be

prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a); *Femedeer*

*v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). There are no rules or statutes which

allow parties to proceed under a fictitious name. *Femedeer*, 227 F.3d at 1246. The

Tenth Circuit has, however, recognized that there may be "exceptional

circumstances" in which a party may be allowed to proceed anonymously. *Id.* These

"exceptional circumstances" typically involve "matters of a highly sensitive and

personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* (citing *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

In determining whether to permit a party to proceed anonymously, the Court is to weigh "the plaintiff's claimed right to privacy against the countervailing public interest" in public court proceedings. *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998). Courts within the Tenth Circuit have permitted plaintiffs who are allegedly victims of sexual assault or harassment, and where appropriate their parents, to proceed anonymously. *Roe v. Minguela*, 2018 WL 4148261, at *11 (D. Colo. Aug. 30, 2018) (finding that victims of sexual assault showed good cause to proceed under pseudonyms); *see also S.S. as Next Friend of L.S. v. Napolitano*, 2019 WL 316747, at *3 (D. Kan. Jan. 24, 2019) (allowing underage victim of sexual assault and her father to proceed anonymously)*; M. T. v. Olathe Pub. Sch. USD 233*, 2018 WL 806210, at *3 (D. Kan. Feb. 9, 2018) (finding that "the real potential of additional psychological harm" outweighed the public interest in disclosure of the names of a minor sexual assault victim and her mother); *S.E.S. v. Galena Unified Sch. Dist. No. 499*, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018).

The Court finds that the information contained in the motion establishes that she should be allowed to proceed anonymously. Plaintiff Doe alleges that she was sexually assaulted by a male passenger on a Frontier flight from Denver to Florida on or about November 30, 2018. Dkt. #1 at ¶23. She alleges that she reported the assault to a flight attendant who did not report the incident to anyone else or request that law enforcement be contacted. *Id.* at ¶¶24-27. Ms. Doe further alleges that Frontier failed to cooperate

and assist her with evidence concerning her assault, refusing to provide her with the identities of her assailant and potential witnesses. *Id.*

These allegations are of a highly sensitive and personal nature, and revealing Jane Doe's identity could result in additional harm from public identification. *See Doe v. Brighton School District 27J*, 19-cv-00950-WJM, 2019 WL 153301 at *2. The Court also finds that the real potential for additional psychological harm outweighs the public interest in disclosure. *See id.*

For the reasons set forth above, the Court ORDERS as follows:

1.      Plaintiff Jane Doe's Motion for Leave to Proceed Anonymously, Dkt. #2, is GRANTED;

2.      All captions and filings shall refer to the Plaintiff as Jane Doe in all future court filings; and

3.      If it is necessary to file a document with the Court bearing Jane Doe's true name, such a document shall be filed under Level One Restriction pursuant to D.C.COLO.LCivR 7.2, such that it is viewable by the Court and parties only, and a redacted copy of the document shall be filed on the publicly available docket.

Dated this 20th day of February, 2020.

BY THE COURT

N. Reid Neureiter
United States Magistrate Judge